HONORABLE JOHN H. CHUN

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**SEATTLE DIVISION**

| | |
|---|---|
| JAMES OBERT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY, a Nebraska corporation; and GEICO INSURANCE AGENCY, LLC, a Maryland limited liability company,<br><br>Defendants. | NO. 2:26-cv-01770-JHC<br><br>FIRST AMENDED CLASS ACTION COMPLAINT FOR UNPAID WAGES |

Plaintiff James Obert ("Plaintiff"), individually and on behalf of all others similarly situated, alleges as follows against Defendants Government Employees Insurance Company and GEICO Insurance Agency, LLC (collectively, "Defendants" or "GEICO"):

/ / /

/ / /

/ / /

/ / /

/ / /



JUSTICE LAW CORPORATION
1215 4th Ave, Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

## I. INTRODUCTION

1.1 Nature of Action. Defendants have engaged in systematic wage and hour abuses against their Washington hourly-paid or non-exempt employees. These abuses include: (1) failing to pay employees for all hours worked, including unpaid pre-shift and pre-return-from-lunch setup work required to be ready to take calls and process claims; (2) failing to pay all overtime wages owed when unrecorded work caused employees to work more than forty hours in a workweek; (3) failing to provide employees with timely, uninterrupted, and duty-free meal periods, including second meal periods on shifts exceeding ten hours; and (4) failing to accrue, allow use of, and pay paid sick leave at employees' regular and normal wage rates, including applicable shift differentials. Defendants' deliberate and willful failure to pay employees all earned wages violates Washington law.

1.2 Plaintiff and the Class members are current and former hourly-paid or non-exempt employees of Defendants who have been victimized by Defendant's unlawful compensation practices. This lawsuit is brought as a class action under state law to recover unpaid wages owed to Plaintiff and those similarly situated.

## II. JURISDICTION AND VENUE

2.1 Jurisdiction. Defendant is within the jurisdiction of this Court. Defendant does business in the State of Washington. Defendant has obtained the benefits of the laws of the State of Washington and the Washington retail and labor markets.

2.2 Venue. Venue is proper in the Seattle Division of the Western District of Washington because this case was properly filed in King County and Defendant removed it therefrom under 28 U.S.C. § 1441(a).

2.3 Governing Law. The claims asserted on behalf of Plaintiff and the Class members in this complaint are brought solely under state law causes of action and are governed exclusively by Washington law.



JUSTICE LAW CORPORATION
1215 4th Ave, Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

## III. PARTIES

3.1 Plaintiff. Plaintiff James Obert is a resident of King County, Washington. Defendants hired Plaintiff as an hourly-paid or non-exempt employee in its Renton Washington location from September 19, 2022, to June 5, 2023.

3.2 Defendants. Defendant Government Employees Insurance Company is alleged to be a Nebraska corporation with its principal place of business in Bethesda, Maryland, and Defendant GEICO Insurance Agency, LLC is alleged to be a Maryland limited liability company with its principal place of business in Fredericksburg, Maryland.

## IV. CLASS ACTION ALLEGATIONS

4.1 Class Definition. Pursuant to Federal Civil Rule 23, Plaintiff brings this case as a class action on behalf of a Class defined as follows:

> All hourly-paid or non-exempt employees of Defendants in the State of Washington at any time during the period from April 22, 2023, to final disposition of this action.

Excluded from the Class are any entity in which Defendants have a controlling interest or which has a controlling interest in Defendants, and Defendants' legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

4.2 Numerosity. The Class is so numerous that joinder of all members is impracticable. In its Notice of Removal, GEICO represented that it employed more than 600 individuals as hourly-paid or non-exempt employees in Washington at some point during the period between April 22, 2023 and May 22, 2026. Civil Rule 23 permits one or more class members to sue as representative parties if the class is so numerous that joinder is impracticable.

4.3 Commonality. There are numerous questions of law and fact common to Plaintiff and the Class members. These questions include, but are not limited to, the following:



JUSTICE LAW CORPORATION
1215 4th Ave, Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

a. Whether Defendants have engaged in a common course of requiring Plaintiff and the Class members to perform unpaid pre-shift setup work before their recorded shift start time;

b. Whether Defendants have engaged in a common course of requiring Plaintiff and the Class members to perform unpaid setup work before returning from meal periods;

c. Whether Defendants have engaged in a common course of requiring Plaintiff and the Class members to be in a phone or computer 'Ready' status at the scheduled start of their shifts or return from meal periods without recording or paying for the work necessary to reach that status;

d. Whether Defendants have engaged in a common course of failing to provide Plaintiff and the Class members with thirty-minute meal periods for every five hours of work;

e. Whether Defendants have engaged in a common course of failing to ensure Plaintiff and the Class members received timely, uninterrupted, and duty-free meal periods;

f. Whether Defendants have engaged in a common course of failing to provide Plaintiff and the Class members with second meal periods when they worked more than ten hours in a day;

g. Whether Defendants have engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked;

h. Whether Defendants have engaged in a common course of failing to pay Plaintiff and the Class members all overtime wages owed for workweeks exceeding forty hours when unrecorded setup work is included;



JUSTICE LAW CORPORATION
1215 4th Ave, Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

i. Whether Defendants have engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members.

j. Whether Defendants have engaged in a common course of failing to pay paid sick leave at Plaintiff's and the Class members' regular and normal wage rates by excluding applicable shift differentials;

k. Whether Defendants have engaged in a common course of failing to pay Plaintiff and the Class members all the wages to which they are entitled;

l. Whether Defendants failed to keep true and accurate records of the hours worked, rates of pay, gross wages, and all deductions for each pay period for Plaintiff and the Class members;

m. Whether Defendants failed to furnish itemized pay statements to Plaintiff and the Class members;

n. Whether Defendants willfully deprived Plaintiff and the Class members of the wages to which they were entitled;

o. Whether Defendants have violated RCW 49.12.020;

p. Whether Defendants have violated WAC 296-126-092;

q. Whether Defendants have violated RCW 49.46.130;

r. Whether Defendants have violated RCW 49.46.090;

s. Whether Defendants have violated RCW 49.46.210;

t. Whether Defendants have violated RCW 49.48.010;

u. Whether Defendants have violated WAC 296-126-025;

v. Whether Defendants have violated WAC 296-128-620;

w. Whether Defendants have violated RCW 49.52.050; and

x. The nature and extent of class-wide injury and the measure of compensation for such injury.



JUSTICE LAW CORPORATION
1215 4th Ave, Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

4.4 Typicality. Plaintiff's claims are typical of the claims of the members of the Class because Defendants employed Plaintiff as an hourly-paid or non-exempt employee in the State of Washington. The claims of Plaintiff, like the claims of the Class, arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories.

4.5 Adequacy. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys who are experienced lawyers with significant experience in complex and class action litigation, including employment law. Plaintiff and their counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor their counsel have interests that are contrary to or that conflict with those of the proposed Class.

4.6 Predominance. Defendants have engaged in a common course of wage and hour abuse toward Plaintiff and members of the Class. The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues.

4.7 Superiority. Plaintiff and the Class members have suffered and will continue to suffer harm and damages as a result of Defendants' unlawful and wrongful conduct. Absent a class action, however, most Class members likely would find the cost of litigating their claims prohibitive. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action. The Class members are readily identifiable from Defendants' records.

## V. SUMMARY OF INDIVIDUAL FACTUAL ALLEGATIONS

### A. Plaintiff's Job, Schedule, Pay, and Timekeeping.

5.1 Plaintiff worked for GEICO as an Auto Claims Adjuster in Renton, Washington. His duties included processing claims over the phone and online. This work included initiating



JUSTICE LAW CORPORATION
1215 4th Ave, Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

claims, taking recorded statements, explaining policy coverage, setting repairs and rentals, investigating liability, communicating with lawyers and medical staff, reviewing evidence, and navigating multiple programs.

5.2 Plaintiff's typical schedule was approximately four days per week. He was scheduled to work Wednesday, Saturday, and Sunday from approximately 10:30 a.m. to 9:00 p.m., and Thursday from approximately 10:45 a.m. to 9:00 p.m. His recorded schedule was approximately 38.75 hours per week and included a 45-minute meal period.

5.3 Plaintiff was paid approximately $27.28 per hour as a base rate of pay during the statutory lookback period. Plaintiff's payroll records also evince overtime and shift differentials, including weekend and/or night shift differentials.

5.4 Plaintiff performed his work through centralized GEICO computer, claims, phone, timekeeping, and status systems. These included systems or applications known as Atlas, Genesys, ISO, and Navi. Plaintiff was required to be in a phone or computer 'Ready' status by the scheduled start of his shift and by the end of his meal period.

B. <u>Unpaid Setup Work / Minimum Wage / Overtime Facts.</u>

5.5 Plaintiff regularly performed unpaid, "off-the-clock" work before his recorded shift start time so that he could be in 'Ready' status and available to take calls at the scheduled start of his shift. For a 10:30 a.m. shift, Plaintiff aimed to badge into security by approximately 10:15 a.m.; otherwise, he would be forced into a rushed setup process and risk being late because he was not ready to take calls by 10:30 a.m. The same rule was true when he worked from home: he was required to show 'Ready' status by the time his shift was scheduled to start.

5.6 This pre-shift work generally took approximately 15 minutes and included turning on his computer, connecting to VPN when working from home, plugging his laptop into the docking station when working in the office, cleaning or wiping down his shared workspace, logging into GEICO systems including Atlas, Genesys, ISO, and other required systems, opening



JUSTICE LAW CORPORATION
1215 4th Ave, Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

approximately 10 to 11 required internet pages or pop-up screens, and ensuring his headset was connected and functioning.

5.7 GEICO did not record or pay Plaintiff for this pre-shift setup work, even though the work was necessary to perform his claims duties and to meet GEICO's requirement that he be in 'Ready' status at the scheduled start of his shift.

5.8 Plaintiff also performed unpaid setup work before returning from meal periods. For example, when Plaintiff's lunch ended at approximately 4:45 p.m., he would return to his workstation around 4:35 p.m. so that he could resume from the lock screen, re-log into programs that had timed out, reopen required systems and pages, and be ready to take calls by the end of the meal period. This pre-return-from-lunch work generally took approximately 10 minutes and was not recorded or paid.

5.9 By way of example only and without limitation, Plaintiff recalls that he performed this pre-shift setup work every day he worked during the workweek of April 22, 2023, as well as the return-from-lunch work. Plaintiff also repeated this pattern during the workweek of April 29, 2023.

C. Meal Period Facts.

5.10 GEICO automatically deducted 45-minutes' worth of pay for each day Plaintiff worked, ostensibly to represent a daily 45-minute meal period.

5.11 Although GEICO auto-deducted meal periods, Plaintiff was not always provided timely, uninterrupted, complete, and duty-free meal periods. During the workweeks of April 22 and April 29, 2023, Plaintiff's recalls not beginning his first meal period until more than five hours after his work began. Despite his meal beginning late, Defendants did not pay Plaintiff any sort of premium, nor did they stop the auto-deduction process.

5.12 Plaintiff's meal periods were also not fully duty-free because he was required to perform unpaid setup work before returning from lunch to ensure that he was in 'Ready' status when the meal period ended. This resulted in unpaid, "off-the-clock" compensable work. This work



JUSTICE LAW CORPORATION
1215 4th Ave, Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

included resuming from the lock screen, re-logging into systems that had timed out, reopening required applications and pages, and ensuring that he was ready to receive calls. This process generally required approximately 10 minutes before the end of lunch and was not recorded as paid time.

5.13 Further, because Plaintiff's typical shifts were approximately 9.5 to 9.75 recorded hours, the addition of approximately 15 minutes of unpaid pre-shift work and approximately 10 minutes of unpaid pre-return-from-lunch work caused Plaintiff to work more than 10 hours on certain days without receiving a second meal period. Plaintiff did not receive second meal periods on these longer workdays. As an exemplar, Plaintiff's recorded work time plus unpaid setup work exceeded ten hours without him receiving any second meal period during the workweek of April 29, 2023.

D. Overtime Facts.

5.14 Plaintiff's recorded schedule was approximately 38.75 hours per week. Plaintiff began receiving straight-time 'OT' pay after the 38.75-hour mark and received statutory overtime premium pay when his recorded hours exceeded 40 in a workweek.

5.15 When Plaintiff's unpaid pre-shift setup work and unpaid pre-return-from-lunch setup work are added to his recorded time, Plaintiff worked more than 40 hours in certain workweeks without receiving statutory overtime compensation for all hours worked over 40.

5.16 For example, during the workweek of April 22, 2023, Defendants recorded that Plaintiff Obert worked 39.61 hours on his pay statement. However, Plaintiff alleges he also worked at least 100 additional compensable minutes that workweek, which represents an additional 1.67 hours that Defendants did not pay. Accordingly, Plaintiff was owed .39 of straight time pay *and* 1.28 hours of statutory overtime pay which he was not paid during the week of April 22, 2023.

E. Paid Sick Leave Facts.

5.17 Plaintiff received shift differentials, including weekend and/or night shift differentials. When GEICO paid Plaintiff sick leave, GEICO paid that time at Plaintiff's base or normal rate



JUSTICE LAW CORPORATION
1215 4th Ave, Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

and failed to include applicable shift differentials. As a result, GEICO paid Plaintiff sick leave at less than the regular and normal wage rate required by Washington law.

5.18 For example, Plaintiff took 16.31 hours of sick leave (which Defendants code as "EIML") during the week of April 29, 2023. According to Plaintiff's pay statements for that workweek, Plaintiff was only paid his base rate of pay ($27.2847/hour), without receiving pay for the $2.729/hour evening differential or the $5.46/hour weekend shift differential which he would have earned during his scheduled sick days that same period.

5.19 In addition, because GEICO failed to record all hours worked as described above, including unpaid pre-shift and pre-return-from-lunch setup time, GEICO also undercounted hours worked for paid sick leave accrual purposes. Plaintiff took substantial unpaid leave, including during the workweek of May 6, 2023, and would have used properly accrued paid sick leave had it been made available.

F. Failure to Pay All Wages Due at Termination.

5.20 Plaintiff's last day of employment was June 5, 2023.

5.21 To the extent Plaintiff was owed unpaid pre-shift wages, unpaid pre-return-from-lunch wages, underpaid overtime, underpaid sick leave, or other wages at separation, Defendants have failed to pay all wages due at termination by the end of the established pay period.

G. Willfulness Facts.

5.22 Defendants are sophisticated employers operating in Washington and employing claims employees who perform work through centralized computer, phone, claims, timekeeping, payroll, and status systems. Plaintiff's work required use of GEICO computer systems and phone status/queue controls, and Plaintiff recorded his work time and downtime through an application monitored by his supervisor, Jha Sohn.

5.23 Defendants knew or should have known that claims employees had to be logged in and ready to take calls at scheduled start times and upon returning from meal periods because



JUSTICE LAW CORPORATION
1215 4th Ave, Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

Plaintiff's job required processing claims over the phone and through internet systems, and Plaintiff performed daily setup work to be ready for calls at his supervisor's explicit direction.

H. Failure to maintain accurate payroll records.

5.24 Defendants failed to maintain accurate time and pay records reflecting all hours worked and all wages owed because they did not properly record all hours worked. Pre-shift work and pre-return-from-lunch work were not captured by the timekeeping system, and meal periods were deducted or recorded without capturing the work required to return to 'Ready' status.

I. Other Derivative Theories.

5.25 In addition to independent theories of each of these claims, facts that support one theory may also necessarily cause liability under another, if true. For example, Defendant's failure to record off-the-clock work may also cause meal-period violations where work began before the recorded clock-in time or where work was performed during the recorded meal period, and may cause overtime, sick leave, wage-statement, termination-wage, and recordkeeping violations.

## VI. SUMMARY OF CLASS-WIDE FACTUAL ALLEGATIONS

6.1 Defendants have engaged in, and continue to engage in, a common course of wage and hour abuse against their hourly-paid or non-exempt employees in the state of Washington.

A. Unpaid setup work / failure to pay all hours worked.

6.2 Defendants have engaged in a common course of requiring or permitting Plaintiff and the Class members to perform unpaid setup work before their recorded shift start times and before returning from meal periods.

6.3 Defendant required or expected Plaintiff and the Class members to be logged into multiple GEICO systems, have required programs and internet pages open, have functioning equipment, and be in 'Ready' status at the scheduled start of shifts and at the end of meal periods.

6.4 Defendants' timekeeping and payroll systems failed to record and pay for the time required to complete this setup work.

/ / /



JUSTICE LAW CORPORATION
1215 4th Ave, Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

B. Failure to provide meal breaks.

7.2 Defendants have engaged in a common course of failing to provide Plaintiff and the Class members with timely, uninterrupted, complete, and duty-free thirty-minute meal periods for every five hours of work.

7.3 Defendants have engaged in a common course of requiring or permitting Plaintiff and the Class members to perform unpaid work before returning from meal periods, including logging back into systems and preparing to return to 'Ready' status.

7.4 Defendants have engaged in a common course of failing to ensure Plaintiff and the Class members have received the meal breaks to which they are entitled.

7.5 Defendants have engaged in a common course of failing to ensure Plaintiff and the Class members are fully relieved of all work duties during their meal breaks.

7.6 Defendants have engaged in a common course of failing to provide Plaintiff and the Class members with second meal periods when their recorded time, or their recorded time plus unrecorded setup work, exceeded ten hours in a day.

7.7 Defendant have engaged in a common course of filing to pay premiums or penalties in any amount when they knew Plaintiff and Class Members had not received timely, uninterrupted, complete, and duty-free meal periods.

7.8 Defendants had actual or constructive knowledge of the facts set forth above.

C. Failure to pay minimum wages for all hours worked.

7.9 Defendants have engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked, including pre-shift setup work and pre-return-from-lunch setup work.

7.10 Defendants have engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked by failing to provide Plaintiff and the Class members with thirty minutes additional pay and/or time worked for each missed meal break.



JUSTICE LAW CORPORATION
1215 4th Ave, Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

7.11 Defendants had actual or constructive knowledge of the facts set forth above.

D. Failure to pay all overtime wages due.

7.12 Defendants have engaged in a common course of failing to pay Plaintiff and the Class members for all hours worked over forty in a week at a rate of not less than one and one-half times their regular rate of pay.

7.13 Defendants have engaged in a common course of failing to pay overtime wages to Plaintiff and the Class members during workweeks in which missed meal break time extended the workweek beyond forty (40) hours.

7.14 Defendants had actual or constructive knowledge of the facts set forth above.

E. Failure to accrue, allow use of, and pay paid sick leave properly.

7.15 Defendants have engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members.

7.16 Defendants have engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members by failing to accruepaid sick leave for all hours worked by Plaintiff and the Class members, including unrecorded setup work.

7.17 Defendants have engaged in a common course of failing to compensate paid sick leave, including EIML/sick time, at Plaintiff's and the Class members' regular and normal wage rates by excluding applicable shift differentials from sick leave pay.

7.18 Defendants have engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members by failing to accrue paid sick leave for each missed meal break.

7.19 Defendants had actual or constructive knowledge of the facts set forth above.

/ / /

/ / /



JUSTICE LAW CORPORATION
1215 4th Ave, Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

F. Failure to pay all wages due at termination.

7.20 Defendants have engaged in a common course of failing to pay Plaintiff and the Class members all wages due at termination.

7.21 Defendants had actual or constructive knowledge of the facts set forth above.

G. Failure to maintain accurate payroll records.

7.22 Under Washington law, an employer must keep and preserve payroll records that detail the '[h]ours worked each workday and total hours worked each workweek' and maintain those records for at least three years. WAC 296-128-010(6); WAC 296-126-050; see also RCW 49.46.0040(3).

7.23 Defendants have engaged in a common course of failing to keep accurate records of the hours Plaintiff and the Class members worked each day or the total hours they worked each week.

7.24 Defendants had actual or constructive knowledge of the facts set forth above.

## VI. FIRST CLAIM FOR RELIEF

(Violations of RCW 49.12.020 and WAC 296-126-092 — Failure to Provide Meal Periods)

8.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

8.2 RCW 49.12.010 provides that '[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect.'

8.3 RCW 49.12.020 provides that '[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health.'

8.4 Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor 'means and includes the conditions of rest and meal periods' for employees.



JUSTICE LAW CORPORATION
1215 4th Ave, Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

8.5 WAC 296-126-092 provides that employees shall be allowed certain meal periods during their shifts.

8.6 Under Washington law, Defendants have an obligation to provide employees with the meal periods to which they are entitled and to ensure that employees are fully relieved of duty during meal periods.

8.7 Under Washington law, Defendants have an obligation to provide employees with thirty minutes of additional pay and/or time worked for each missed, late, interrupted, or non-duty-free meal period.

8.8 By the actions alleged above, Defendants have violated the provisions of RCW 49.12.020 and WAC 296-126-092.

8.9 As a result of the unlawful acts of Defendants, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## VII. SECOND CLAIM FOR RELIEF

(Violation of RCW 49.46.130 — Failure to Pay Overtime Wages)

9.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

9.2 RCW 49.46.130 provides that 'no employer shall employ any of his or her employees for a workweek longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he or she is employed.'

9.3 Defendants failed to record and pay all hours worked by Plaintiff and the Class members, including pre-shift setup work and pre-return-from-lunch setup work. When that unrecorded work is included, Plaintiff and the Class members worked more than forty hours in certain workweeks without receiving all overtime wages owed.

9.4 By the actions alleged above, Defendants have violated RCW 49.46.130.



JUSTICE LAW CORPORATION
1215 4th Ave, Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

9.5 As a result of the unlawful acts of Defendants, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

## VIII. THIRD CLAIM FOR RELIEF

(Violation of RCW 49.46.090 — Payment of Wages Less Than Entitled)

10.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

10.2 Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act (WMWA). RCW 49.46.010 defines "wage" as "compensation due to an employee by reason of employment, payable in legal tender of the United States or checks on banks convertible into cash on demand at full face value, subject to such deductions, charges, or allowances as may be permitted by rules of the director."

10.3 Defendants failed to pay Plaintiff and the Class members all wages owed for all compensable work, including unpaid pre-shift setup work, unpaid pre-return-from-lunch setup work, and work performed during recorded meal periods.

10.4 By the actions alleged above, Defendants have violated the provisions of RCW 49.46.090.

10.5 As a result of the unlawful acts of Defendants, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

## IX. FOURTH CLAIM FOR RELIEF

(Violations of RCW 49.46.210 and WAC 296-128-620 — Failure to Accrue, Allow Use of, and Pay Paid Sick Leave Properly)

11.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.



JUSTICE LAW CORPORATION
1215 4th Ave, Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

11.2 The Washington Paid Safe and Sick Leave Act, RCW 49.46.210, and its implementing regulations, including WAC 296-128-620, require that employees accrue paid sick leave for all hours worked at a rate of at least one hour for every forty hours worked.

11.3 Pursuant to RCW 49.46.200, Defendants must compensate Plaintiff and the Class members at their regular and normal wages for paid sick leave.

11.4 Defendants failed to accrue paid sick leave for all hours worked and failed to pay paid sick leave at Plaintiff's and the Class members' regular and normal wage rates by excluding applicable shift differentials.

11.5 By the actions alleged above, Defendants have violated the provisions of RCW 49.46.210 and WAC 296-128-620.

11.6 As a result of the unlawful acts of Defendants, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

## X. FIFTH CLAIM FOR RELIEF

(Violation of RCW 49.48.010 — Failure to Pay All Wages Due at Termination)

12.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

12.2 RCW 49.48.010 provides that "when any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period." The statute further states that it shall be unlawful for "any employer to withhold or divert any portion of an employee's wages."

12.3 By the actions alleged above, Defendants have violated the provisions of RCW 49.48.010.

12.4 As a result of the unlawful acts of Defendants, Plaintiff and the Class members (but not all) who are no longer employed by Defendants have been deprived of compensation in



JUSTICE LAW CORPORATION
1215 4th Ave, Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

amounts to be determined at trial, and Plaintiff and the Class members who are no longer employed by Defendants are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## XI. SIXTH CLAIM FOR RELIEF

(Violation of RCW 49.52.050 — Willful Refusal to Pay Wages)

13.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

13.2 RCW 49.52.050(2) provides that any employer who "willfully and with intent to deprive the employee of any part of his wages, pays any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" is guilty of a misdemeanor.

13.3 Defendants' violations of RCW 49.12.020, WAC 296-126-092, RCW 49.46.090, RCW 49.46.130, RCW 49.46.210, and RCW 49.48.010 were willful and intentional, and constitute violations of RCW 49.52.050.

13.4 RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, attorneys' fees, and costs.

13.5 As a result of the willful, unlawful acts of Defendants, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to recovery of twice such damages, including interest thereon, as well as attorneys' fees and costs under RCW 49.52.070.

## XII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on their own behalf and on behalf of the members of the Class, pray for a judgment against Defendants, as follows:

A. Certify the proposed Class;

B. Appoint Plaintiff as Class representative;

C. Appoint the undersigned attorneys as Class counsel;



JUSTICE LAW CORPORATION
1215 4th Ave, Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

D. Declare that the actions complained of herein violate Washington law;

E. Award Plaintiff and the Class members compensatory and exemplary damages;

F. Award attorneys' fees and costs to Plaintiff's attorneys, as allowed by law;

G. Award pre-judgment and post-judgment interest to Plaintiff, and the Class members, as provided by law;

H. Grant such other and further relief as this Court deems necessary.

RESPECTFULLY SUBMITTED AND DATED this 6th day of July, 2026.

**JUSTICE LAW CORPORATION**

By: *<u>/s/ Douglas Han</u>*
Douglas Han, WSBA #59429
Email: dhan@justicelawcorp.com
*<u>/s/ Shunt Tatavos-Gharajeh</u>*
Shunt Tatavos-Gharajeh, WSBA #59424
Email: statavos@justicelawcorp.com
*<u>/s/ Dean Petitta</u>*
Dean Petitta, WSBA #58295
Email: dpetitta@justicelawcorp.com
1215 4th Ave, Suite 1630
Seattle, Washington 98101
Telephone: (360) 207-0000
Facsimile: (818) 230-7259

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the State of Washington that, on the date stated below, I did the following:

On July 6, 2026, I transmitted a true copy of:

**FIRST AMENDED CLASS ACTION COMPLAINT FOR UNPAID WAGES**

in the above-entitled matter to:

| | |
|---|---|
| Nick Gillard-Byers<br>ngillard-byers@seyfarth.com<br>**<u>Legal Staff</u>:**<br>Lynn Percy<br>lpercy@seyfarth.com<br>Andrea Kudla<br>akudla@seyfarth.com<br>**SEYFARTH SHAW LLP**<br>999 Third Avenue, Suite 4700<br>Seattle, WA 98104<br><br>Patrick Bannon (*pro hac vice*)<br>pbannon@seyfarth.com<br>Molly Mooney (*pro hac vice*)<br>mmooney@seyfarth.com<br>Erin Chow (*pro hac vice*)<br>echow@seyfarth.com<br>**SEYFARTH SHAW LLP**<br>Two Seaport Lane, Suite 1200<br>Boston, MA 02210<br><br>*Attorneys for Defendant* Government Employees Insurance Company and GEICO Insurance Agency, LLC | **[X] By Electronic Mail**<br>**[X] By ECF** |

Executed on July 6, 2026, at Pasadena, California.

*/s/ Flor Gonzalez*
Flor Gonzalez



JUSTICE LAW CORPORATION,
1215 4th Ave, Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com